NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD NORTON, | No. 17-35772 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05641-JCC |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted March 27, 2019**

Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.

Edward Norton appeals the district court's affirmance of the Commissioner

of Social Security's denial of his application for disability insurance benefits and

supplemental security income under Titles II and XVI of the Social Security Act

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(Act). We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

We reject Norton's contention that the ALJ committed harmful error at step two by failing to list chronic pain syndrome or mild sacroiliac arthritis as severe impairments. Because the ALJ resolved this step in Norton's favor, and considered all of Norton's pain and mental health symptoms in formulating the residual function capacity, any error was harmless. *See Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017).

The ALJ provided specific and legitimate reasons to reject the controverted opinions of two medical doctors as to Norton's physical limitations and four mental health professionals as to Norton's mental limitations. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014). We reject Norton's contention that the ALJ's stated reasons are not sufficiently specific. The ALJ set out the conflicting medical evidence, stated his interpretation, made findings, and referred to these findings in discounting the medical opinions. *See id.* Substantial evidence supports the ALJ's findings that the physical limitations assessed by Dr. Staker and Dr. Cogan were inconsistent with the record and unsupported by objective medical evidence. Substantial evidence also supports the ALJ's findings that the mental limitations assessed by Dr. Wheeler, Dr. Brown, Dr. Higgins, and Dr. Neims were

2

inconsistent with the record and with Norton's activities.

The ALJ provided specific, clear, and convincing reasons to discredit Norton's testimony, including a lack of corroborating medical evidence and inconsistencies between Norton's testimony and his activities. *See id.* at 1014–15 (citation omitted). Because the ALJ provided clear and convincing reasons to discredit Norton's testimony, he did not err in rejecting the similar testimony of several lay witnesses based on "the same reasons." *Valentine v. Comm'r of Soc. Sec. Admin.,* 574 F.3d 685, 694 (9th Cir. 2009).

**AFFIRMED.**